Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|  |  |  |  |
|---|---|---|---|
| IN RE | ) | CHAPTER | 11 |
|  | ) |  |  |
| DARROW'S RIDGE, LLC, | ) | CASE NO. | 07-30399 (LMW) |
|  | ) |  |  |
| DEBTOR. | ) | DOC I.D. NO. | 362, 412 |
|  | ) |  |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

| | |
|---|---|
| William S. Gannon, Esq.<br>William S. Gannon PLLC<br>889 Elm Street, 4th Floor<br>Manchester, NH 03101 | Attorney for Debtor/ Movant |
| | |
| Alan Marc Soloway, Esq.<br>Assistant United States Attorney<br>United States Attorney's Office<br>157 Church Street, 23rd Floor<br>New Haven, CT 06510 | Attorney for the United States, on behalf of the U.S. Department of Justice and the Criminal Investigative Division of the Internal Revenue Service |

**BRIEF MEMORANDUM AND ORDER AUTHORIZING EXAMINATIONS
UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on November 5, 2008, the above-referenced debtor (the "Debtor") filed a motion (Doc. I.D. No. 362, the "Rule 2004 Motion") for examination of John Marella, Thomas Carson and Eric Wethje (collectively, the "Targets") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS,** on March 4, 2009, a hearing was conducted in respect of the Rule 2004 Motion. At that hearing, the Office of the United States Attorney for this district appeared on behalf of the Targets (the "U.S. Attorney") pursuant to 5 U.S.C. § 301 (the so-called "Housekeeping Statute") and 28 C.F.R. § 16.21 *et seq.* (the "*Touhy* Regulations") and orally objected to the Rule 2004 Motion. At the conclusion of that hearing, the court took the matter under advisement subject to a briefing schedule (the "Briefing Schedule");

**WHEREAS,** in accordance with the Briefing Schedule and on March 20, 2009, the U.S. Attorney filed and served a brief (Doc. I.D. No. 412, treated herein as an objection, the "Objection," to the Rule 2004 Motion) in opposition to the Rule 2004 Motion;

**WHEREAS,** in accordance with the Briefing Schedule and on April 3, 2009, the Debtor filed and served a brief (Doc. I.D. No. 416) in response to the Objection;

**WHEREAS,** by order dated May 29, 2009, (Doc. I.D. No. 422, the "Order") the court gave the U.S. Attorney the opportunity to substantiate certain claims of privilege or the like made in the Objection in the context of an affidavit (an "In Camera Affidavit") filed for the court's *in camera* review. *Cf. Jane Doe v. Central Intelligence Agency*, 576 F.3d 95, 103 (2d Cir. 2009) (recognizing from Supreme Court precedent that if the court "is *not* satisfied by the claim of privilege, it may examine the evidence in question, so long as the review is *ex parte* and *in camera*." (citing *United States v. Reynolds*, 345 U.S. 1 (1953) (emphasis in original)). The In Camera Affidavit was filed on July 2, 2009. Contrary to the Order, the In Camera Affidavit did not contain "specific factual support for the U.S. Attorney's claims [set forth in the Objection]." (Order at 2-3.) Rather, the In Camera Affidavit generally took a "because I/we say so" approach. *Cf. Jane Doe*, 576 F.3d at 104 ("[T]he critical feature of the inquiry in evaluating the claim of privilege is . . . whether the showing of harm that might reasonably be seen to flow from disclosure is adequate in a given case to trigger

the absolute right to withhold the information sought in that case." (citation and internal quotation marks omitted)). Due to the lack of specific factual support in the In Camera Affidavit, the court is unable to make a finding that the claim of privilege justifies the "absolute right to withhold" the depositions (and/or document productions) sought by the Debtor;

**WHEREAS,** the U.S. Attorney concedes that the Debtor has procedurally complied with the *Touhy* Regulations as to the Targets. (*See* Doc. I.D. No. 431.);[1]

**WHEREAS,** if there is final agency action with respect to a *Touhy* request (as there has been here),[2] the court has subject matter jurisdiction (and federal sovereign immunity is waived) over the matter under the APA. *See United States Environmental Protection Agency v. General Electric Co.,* 197 F.3d 592 (2d Cir. 1999) ("EPA"), *opinion amended on rehearing by* 212 F.3d 689 (2d Cir. 2000); *In re September 11 Litigation*, 621 F. Supp. 2d 131, 143 (S.D.N.Y. 2009) ("The [APA] . . . contains the sole waiver 'that would permit a court to require a response to a subpoena in an action in which the government is not a party.'" (*quoting EPA*, 197 F.3d at 597)); *Abdou v. Gurrieri*, No. 05-CV-3946 (JG)(KAM), 2006 WL 2729247, at *3 (E.D.N.Y. Sept. 25, 2006) ("In enacting the [APA] . . . , Congress waived sovereign immunity with respect to those action[s] in a court of the United States which seek review of agency action." (internal quotation marks omitted; first alteration added)). *See also* 11 U.S.C. §§ 105 and 106;

---

[1] The U.S. Attorney previously contended that the *Touhy*-type regulations had not been complied with as to Eric Wethje and the Department of the Treasury. However, in her In Camera Affidavit, the U.S. Attorney abandons that argument.

[2] An agency's refusal to comply with a subpoena is "final agency action that is ripe for . . . review" under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 551-59, 701-06. *Comsat Corp. v. National Science Found.*, 190 F.3d 269, 275 (4th Cir. 1999). *See also Yousuf v. Samantar*, 451 F.3d 248, 251 (D.C. Cir. 2006) (finding that an agency's denial of a request is final agency action).

**WHEREAS,** the standard of review of agency action under *Touhy*-type regulations is not the "arbitrary and capricious" standard of the APA. *See In re PE Corp. Securities Litigation,* No. 3:00CV705 CFD TPS, 2005 WL 806719, at *3 (D. Conn. Apr. 8, 2005) (Smith, J.). Rather, the court is to analyze the matter under applicable rules of procedure, statutes and common law evidentiary privileges. *See, e.g., Exxon Shipping Co. v. United States Dep't. of Interior,* 34 F.3d 774, 779 (9th Cir. 1994); *PE Corporation, supra;*

**WHEREAS,** based upon the foregoing, the court finds/concludes that the U.S. Attorney has failed to establish that the sought for depositions and/or document productions can be precluded as to the Targets on a "blanket" basis;

**WHEREAS,** the Rule 2004 Motion and the record made by the Debtor with respect to it sufficiently support the propriety of a 2004 Examination as to the Targets;

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that the Debtor may, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, examine the Targets pursuant to duly issued subpoena(s) ("Subpoena(s)") with production of documents to be compelled in accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that the Targets may object to particular deposition questions or document requests (subject to the submission of a proper privilege log) for any appropriate reason and may seek to quash the Subpoena(s) on any appropriate grounds; *provided*, *however,* the Targets may not seek to quash the Subpoena(s) on grounds that are the same or substantially the same as those asserted in the Objection; and it is further

**ORDERED** that the Objection is overruled; and it is further

**ORDERED** that the Clerk's Office shall serve this order on those persons listed on Schedule A hereto by this court's CM/ECF system (if applicable, otherwise by first-class mail).

Dated: October 7, 2009                                    BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge

**SCHEDULE A**

Alan Mark Soloway, Esq.
Asst. U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Carl T. Gulliver, Esq.
Coan, Lewendon, Gulliver & Miltenberger, LLC
496 Orange Street
New Haven, CT 06511

William S. Gannon, Esq.
William S. Gannon PLLC
889 Elm Street, 4th Floor
Manchester, NH 03101

Fatima Lobo, Esq.
Lobo & Associates, LLC
280 Adams Street
Manchester, CT 06040

Holley L. Claiborn, Esq.
Office of the U.S. Trustee
The Giamo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Michael S. Taylor, Esq.
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105